ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 9 2005

at __ o'clock and __ min. __ M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM S. AHOLELEI, | ) | CIVIL NO. 04-00414 SOM-KSC |
| Plaintiff(s), | ) | |
| vs. | ) | REPORT OF SCHEDULING CONFERENCE AND ORDER (NO DISCLOSURE) |
| STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, et. al., | ) | |
| Defendant(s). | ) | |

REPORT OF SCHEDULING CONFERENCE AND ORDER
(NO DISCLOSURE)

Pursuant to Federal Rules of Civil Procedure, Rule 16 and LR16.2, a scheduling conference was held on February 8, 2005, before the Honorable Kevin S.C. Chang, United States Magistrate Judge.

Pursuant to Federal Rules of Civil Procedure, Rule 16(e) and LR16.3, the Court enters this scheduling conference order:

TRIAL AND CONFERENCE SCHEDULING:

   1.  Jury trial in this matter will commence before the Honorable Susan Oki Mollway, United States District

Judge on February 7, 2006 at 9:00 am

2. A final pre-trial conference shall be held on January 5, 2006 at 9:00 am before the Honorable Kevin S. Chang, United States Magistrate Judge.

3. Pursuant to LR16.6, each party herein shall serve and file a separate pre-trial statement by December 29, 2005.

MOTIONS:

4. Pursuant to Federal Rules of Civil Procedure, Rule 16(b)(1) and LR16.2(a)(5), all parties shall file any motion to join additional parties or to amend the pleadings by August 2, 2005.

5. Pursuant to Federal Rules of Civil Procedure, Rule 16(b)(2) and LR16.2(a)(3), all motions not otherwise provided herein shall be filed by October 10, 2005.

6. Pursuant to Federal Rules of Civil Procedure, Rule 16(c)(5) and LR16.2, each party shall, unless otherwise ordered by the Court, file only one motion

for summary judgment under Federal Rules of Civil Procedure 56.  This provision is to prevent the circumvention of LR7.5 and leave to file additional motions for summary judgment may be granted by the Court when it does not appear that other rules will be circumvented.

    7.  All motions deadlines stated herein will be strictly enforced.  After such deadline the parties may not file such motions except with leave of court, good cause having been shown.

DISCOVERY:

    8.  Pursuant to LR26.1(a)(1), the Court elects *not* to apply the initial disclosure requirements of LR26.1(a)(1) to this matter.

    9.  Pursuant to Federal Rules of Civil Procedure, Rule 16(c)(5) and (e), the plaintiff(s) herein shall serve and file a disclosure of all non-expert witnesses reasonably expected to be called by the plaintiff(s) on or before May 31, 2005.

10.  Pursuant to Federal Rules of Civil Procedure, Rule 16(c)(5) and (e), the defendant(s) herein shall serve and file a disclosure of all non-expert witnesses reasonably expected to be called by the defendant(s) on or before June 7, 2005.

11.  The disclosure of non-expert witnesses shall include the full name, address, and telephone number of each witness, and a short summary of anticipated testimony.  If certain required information is not available, the disclosure shall so state.  Each party shall be responsible for updating its disclosures as such information becomes available.  Such duty to update such disclosure shall continue up to and including the date that trial herein actually terminates.

12.  Pursuant to Federal Rules of Civil Procedure, Rule 26(a)(2), each party shall disclose to each other party the identity and written report of any person who may be used at trial to present expert evidence under

4

Rules 702, 703, or 705 of the Federal Rules of Evidence.  The disclosures pursuant to this paragraph shall be according to the following schedule:

    a.  All plaintiffs shall comply by September 20, 2005.

    b.  All defendants shall comply by October 18, 2005.

    13.  Pursuant to Federal Rules of Civil Procedure, Rule 16(b)(3) and LR16.2(a)(6), the discovery deadline shall be December 13, 2005.  Unless otherwise permitted by the Court, all discovery pursuant to Federal Rules of Civil Procedure, Rules 26 through 37 inclusive must be completed by the discovery deadline.  Unless otherwise permitted by the Court, all discovery motions and conferences made or requested pursuant to Federal Rules of Civil Procedure, Rules 26 through 37 inclusive and LR26.1, 26.2, and 37.1 shall be heard by the discovery deadline.  While Federal Rules of Civil Procedure, Rule 29 allows the parties to extend certain

discovery deadlines by agreement, such stipulations do not, without prior court order, extend the Court's obligation to adjudicate discovery disputes.

SETTLEMENT:

14. Pursuant to Federal Rules of Civil Procedure, Rule 16(a) and (c)(9) and LR16.5(a), a settlement conference shall be held ON CALL before the Honorable Kevin S. C. Chang, United States Magistrate Judge.

The parties shall exchange written settlement offers and meet and confer to discuss settlement before the settlement conference. Plaintiff's demand shall be served ON CALL. Defendant's offer shall be served ON CALL.

Pursuant to LR16.5(b), each party shall deliver to the presiding Magistrate Judge a confidential settlement conference statement by ON CALL. Parties are directed to LR16.5(b) for the requirements of the confidential settlement conference statement.

Unless otherwise ordered by the Court prior to the

6

date of the settlement conference, each party or the party's representative having full authority to negotiate and settle the case on terms proposed by the opposing party shall appear in person at the settlement conference. Counsel may appear as a party's representative provided counsel produces for the Court full written authority from the party to negotiate and settle the case on terms proposed by the opposing party without further consultations with the party.

Parties are reminded that failure to comply with LR16.5(b)(1) and (2) may result in sanctions imposed under LR16.5(3).

OTHER MATTERS:

15. This order shall continue in effect in this matter unless and until amended by subsequent order of the Court.

16. FURTHER PROVISIONS:

None.

IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, February 8, 2005.

                                              Kevin S.C. Chang
                                              United States Magistrate Judge

CIVIL NO. 04-00414 SOM-KSC; WILLIAM S. AHOLELEI vs. STATE OF HAWAII, DEPARTMENT OF SAFETY, et. al.; REPORT OF SCHEDULING CONFERENCE AND ORDER (NO DISCLOSURE)

8

F I L E   C O P Y

\* \* LABEL LIST \* \*

Case Number:1:04-cv-00414

William S. Aholelei
Waiawa Correctional Facility
A0146949 BLDG H
Box 1839
Pearl City, HI  96782

Cindy S. Inouye, Esq.
Office of the Attorney General-Hawaii
425 Queen St
Honolulu, HI  96813

John Cregor Jr., Esq.
Office of the Attorney General-Hawaii
425 Queen St
Honolulu, HI  96813