ORIGINAL

IN The UNITED STATES DISTRICT COURT
for the DISTRICT of Hawaii

| William S. Aholelei | Civ-04-00414 SOM KSC |
| Plaintiff | |
| vs. | Declaration of |
| STATE of Hawaii | |
| Department of Public | William S. Aholelei |
| Safety et. al. | |
| Defendants | |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 30 2005

SUE BEITIA, CLERK

Declaration of William S. Aholelei

Come now William S. Aholelei Plaintiff Pro Se and declares under the penalty of Law that the foregoing is true and correct to the best of Plaintiff's knowledge.

Third party evidence

I have personally spoken to Anthony Nesbit, A0701329 and he told me that He filed a civil complaint in federal court CIV-03-00455 and his complaint was filed August-22-2003.

His complaint closely relates to the unlawful housing practice that almost killed me.

Anthony Nesbit personally told me that prison officials were put on actual Notice of the unconstitutional and dangerous housing practice before my brutal beating and attempted murder on on my life on October-3-2003.

29

Continue Next page

Cinda Sandin (Residency Section supervisor) for Halawa prison and Eric Tanaka (Deputy warden) were put on actual notice of the dangerous housing practice. They were notified by Anthony Nesbit's lawyer (Terry Wilson) who wrote former warden Nolan Espinda a letter and this letter was responded to by Cinda Sandin (R.S.S.) and Eric Tanaka (Deputy warden) and that letter is introduced in exhibit E-1 and E-2 herein.

Both Deputy wardens were put on actual notice of the unconstitutional housing practice on Feb-10-2003 and their signatures appear on the grievance No. #91644 filed on Feb-16-03 by Anthony Nesbit. Deputy warden Randy Asher's initials appear at the top of the grievance dated 2-20.

Anthony Nesbit, personally told me that in every response he gotten from the prison officials they deliberately skirt the main issue of concerns reguarding his main complaint for this hazardous and dangerous housing practice. (Core concern danger)

Anthony Nesbit personally told me that he wrote confidential letters to James Propotnick (Director of Public Safety). He also wrote to John Payton (Director of Public Safety) and (Director of administration) Frank Lopes and Edwin Shimoda (Institutional Division administrator) Anthony Nesbit personally told me, that these letters were sent between May-of-2003 and July of 2003.

Anthony Nesbit, told me that these letters logically and rationally explained why? this housing practice is a danger for us Non-gang members, and he warned them of impending murder because of this dangerous housing practice, see attached copie of draft letter sent to Frank Lopes (D.O.C.) dated 7/03 introduce as exhibit A-1 herein. In this draft letter the word "murder" is on page "2" for "seeably murder" 4th paragraph.

I was almost murdered 3 months after Frank Lopez received this letter. MR. Nesbit told me that the other confidential letters that were sent to MR. Payton, and MR. Propotnick, MR. Shimoda, MR. Espinda were all closely described the same concerns as in the Lopez letter. See exhibit A-1 herein. And these confidential letters were sent the same time as the (Lopez letter) or shortly before.

Edwin Shimoda was aware of this danger resulting from this housing practice because He answered MR. Nesbit grievance No. #91664 Dated 6-10-03 four (4) months before my brutal beatings. See exhibit F-2 herein. In this grievance MR. Nesbit explained in details the danger and the outcome of this housing practice, but MR. Shimoda replied and skirts the core concern in MR. Nesbits grievance and that demonstrates "ostrich" to the danger described in MR. Nesbits grievance.

MR. Nesbit personally told me that He spoke with MR. Bob Webb (grievance specialist) for Halawa prison and He asked MR. Bob Webb how many grievances are filed a year that concerns inmates fear when they are housed together with seperated concentrated prison gang members? MR. Webb replied "a handful", MR. Nesbit interpreted a "handful" as meaning 5 grievances per year but also MR. Nesbit said that their is a high probability that this is much more than 5 per year.

MR. Webb also stated that he has been working as grievance specialist for about 3 years.

MR. Nesbit personally told me that he was trying to establish a statistical pattern in obtaining this information from the grievance specialist and the answers by MR. Webb is proof that

a statistical pattern exist. This conversation between MR. Nesbit and MR. Webb (grievance specialist) took place on or about Feb-of-2004.

These letters and grievances and tort claims to prison officials and their responses introduces in all my exhibits herein is the "affirmative Link" that Defendants collectively and affirmatively promoted a policy which sanctioned the type of action which caused the violation See Duchesne v. Sugarman, 566 F. 2d 817 at 831 (2d Cir 1977) also see Dimarzo v. Cahill 575 F. 2d 15 (1st Cir 1978) and Redman v. San Diego County 942 F. 2d 1435 at 1446 [".]

The State of Hawaii Department of the Attorney General was also notified of this danger by the department of accounting and general services on 3/17/03. MR. Nesbit also explained in details the danger and the outcome of the housing practice and his life is in danger because of it. The Attorney General civil rights Litigation Division tells MR. Nesbit in writting that its not their Job and to file a grievance. see exhibit A-2 herein, Dated April-4-2003 5 month before my brutal beatings.

The Attorney General has a duty to protect prisoners civil Rights (even for inmates) if someone tells you their life is in danger common sense tells you that it is your duty to investigate and take measures to help prevent this danger from happening to that person or someone else down the line, especially when its your duties, but the attorney general failed to investigate even with his actual knowledge of this danger. MR. Nesbit allerted them that his life and life of other prisoners (me) is in danger.

What kind of Civil Rights Attorney General is this?

The Attorney General could have and should have prevented this danger from happening to me and anyone else if he took immediate action and investigated the life threattening housing practice described in Mr. Nesbit letter pleading for his life and the life of other, but the Attorney General intentionally or otherwise failed to do so, He is culpable.

If the state Attorney General Civil Rights litigation Division took action and conducted an investigation. He has significant power to take reasonable measures to abate a known risk of harm. His significant power would have prevented the attempted murder on my life, but by doing nothing. He tacitly authorized my brutal beatings and I almost died because of it and in shirking his responsibility he demonstrates his personal participation in the acquiesences of my constitutional deprivations intentionally or otherwise.

Mr. Nesbit alerted all defendants and were all aware of this danger and the cause of this danger and all defendants made a concious culpable refusal to prevent the harm that was brought to their attention and all Defendants have actual knowledge but continued to affirmatively promote this unlawful custom practice or policy.

May Andrade (chief of security) also knows and has knowledge of the beatings upon prisoners because of this dangerous housing practice, but even with this knowledge of injury upon prisoners she allows this dangerous housing practice to exist. She has the power also to prevent this harm by simply providing for non-gang prisoners (me) the same seperation that gangs have been receiving thats total seperation from rival gangs and seperate non-gang from gang. All this danger is easily preventable by providing total seperation of non-gang members from all seperated gang members.

Chief of Security has a duty to protect, but tacitly authorizes this dangerous practice and as results, I was brutally beaten and remained in a coma for about 6 days and now I have permanent injuries and suffers for the rest of my life.

These Defendants are not incompetent, they fully understand the dangerous consequences of this housing practice but have affirmatively promoted it for years. This demonstrates callous indifference on a high level and a violation of my 8th and 14th Amendments of the U.S. Constitution.

These Defendants were all aware of the dangerous consequences and the nature of this housing practice of seperated concentrated prison gangs. They were all informed through confidential letters and grievances from inmates fearing for their life because of this dangerous housing practice of housing seperated concentrated prison gang members together with NON-GANG member or NON-gang affiliate prisoners like (ME), but continued to affirmatively promote the unlawful practice. See all exhibits herein.

All my exhibits shows that all Defendants were aware of this danger and were notified confidential letters and grievances but disregaurd the core concern of the described danger, skirted their responsibility, failed to act, failed to investigate long before my brutal beatings and it could of been prevented if they didn't failed their responsibility, but they failed!! and it demonstrated a deliberate and callous indifference to pain and suffering and victimization upon prisoners and the brutal beatings upon my life that caused me these permanent injuries and I'll suffer the consequence for the rest of my life, because of their tacit promotions of a unlawful evil practice.

All Defendants from the top on down, from the Attorney General, to the state public safety director, to the warden and everyone else from the top on down in light of their knowledge of the danger and yet could careless about safety and protection for prisoners. The entire Defendants failed and I received the consequences of their failure to prevent or fix this dangerous housing practice and in result of their failure, I was beatten almost to death and its only a miracle that I'm still alive today, but will suffer my permanent injuries for the rest of my life!!!!

In my exhibit A-1 herein is copy of a letter sent to Frank Lopez on July-20-2003 by Anthony Nesbit, and on page 2 on the bottom of the page. Mr. Nesbit alerted Frank Lopes that this housing practice will result in "Foreseeable Murder", and approximately three (3) months later I was almost murdered by "USO Gang" housed together with (us) NON-gang members, NON-gang affilliated prisoners.

Mr. Nesbit is only a man of average intelligence and he never pass the 6 grade in elementary!! and I dont think that Mr. Nesbit is more competent than all these Defendants or otherwise these Defendants are just being "ostrich" to the known harm and danger that these unlawful and evil housing practice create!! It does not take a rocket scientist to foresee the dangerous consequences of utilizing and promotion of this described housing practice and it is unlawful and obviously a violation of 8th and 14th Amendments rights.

Mr. Nesbit personally told me that the (Lopes letter) exhibit A-1 herein is a Draft of the original letter that was sent to Frank Lopes 7/20/03 and on Mr. Nesbit deposition on April 29th 2004, this same

letter was shown to Deputy Attorney General John M. Gregor JR. and MR. Nesbit told me that during the deposition is on record on page 12 and 13 and 14 and it is described on these pages of the deposition record. Deputy Attorney General John M. Gregor JR. describes the letter to Frank Lopes. (description on record)

MR. Nesbit told me that this deposition was taken by Ralph Rosenberg Court reporters Inc. and by Patricia Rivera (CSR 176) Notary Public, State of Hawaii.

Due to periodic mental confusion and comprehension, dizzyness, head aches, because of my injuries received from my brutal beatings. I ask this Honorable Court to understand that I may not be able or have dificulties responding to any other motions or reply by defendants and I hope that this opposition will be adequate in answering any motion to dismiss or any other motions by the defendants.

I will to the best of my ability respond if I can to the honorable court and to the defendants and I am also asking this Honorable Court to also take into consideration my limitations due to my injuries. I am pro se and may not be able to defend myself other than this opposition and declaration.

I humbly ask this Honorable court if I may be assign an attorney to help me, because of the limitations caused to me by my injuries due to the brutal beatings that almost killed me on Oct-3-2003. So that I may have a fair chance to present my case to this Honorable Court.

I will also submitt other evidence when I receive them such as Police report, medical report, desplinary Report, State Prosecutors reports and any other relevant reports or information that supports my Complaint.

All Defendants breached their duty to Protect and are all accountable see Daniels v. Williams 474 U.S. 327, 106 S.ct. 662. 667. 88 L. ed. 2d 662 (1986)

For the foregoing reason's I am asking this Honorable court not to dismiss my complaint the issues are not moot and there are genuine issues of material fact.

Respectfully Submitted

Dated August - 24 - 2005     William S. Aholelei
                             William S. Aholelei
                             Plaintiff Pro Se