ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 15 2005

at 10 o'clock and 15 min, AM
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM S. AHOLELEI, ) | CIV. NO. 04-00414 SOM-KSC |
| ) | |
| Plaintiff, ) | ORDER GRANTING DEFENDANTS' |
| ) | MOTION FOR LEAVE TO FILE THIRD- |
| vs. ) | PARTY COMPLAINT; DENYING |
| ) | PLAINTIFF'S MOTION FOR COPIES |
| STATE OF HAWAII, DEPARTMENT ) | |
| OF PUBLIC SAFETY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT; DENYING PLAINTIFF'S MOTION FOR COPIES**

Before the court is Defendants State of Hawaii, Department of Public Safety ("DPS"), John Peyton, Frank Lopez, Edwin Shimoda, Clayton Frank, Randy Asher, Eric Tanaka, Gary Kaplan, May Andrade, Cinda Sandin, and State of Hawaii Attorney General's ("Defendants"), Motion for Leave to File Third-Party Complaint, filed on August 2, 2005. Plaintiff William S. Aholelei, an inmate proceeding pro se, filed his Memorandum in Opposition to Defendants' Motion for Leave to File Third-Party Complaint on August 30, 2005. Aholelei has also filed a Motion for Copies.

This matter came on for hearing on September 15, 2005. Deputy Attorney General John M. Cregor Jr. appeared on behalf of Defendants. Mr. Aholelei appeared at the hearing by telephone. After careful consideration of the motion, supporting and opposing memoranda, and the arguments of the parties, this court

GRANTS Defendants' Motion for Leave to File Third-Party Complaint for the reasons set forth below. The court DENIES Aholelei's Motion for Copies.

## BACKGROUND

Aholelei filed this 42 U.S.C. § 1983 civil rights complaint on July 9, 2004, alleging that Defendants, acting under color of state law, failed to protect him from harm when they housed him with known gang members. Aholelei states that he was severely beaten by several inmate gang members while he was incarcerated at Halawa Correctional Facility, resulting in permanent, serious injury. Aholelei alleges that Defendants are liable for his injuries because they knew, or should have known, of the inherent danger in separating inmates belonging to rival gangs from each other, while continuing to house gang members and non-gang members together. Aholelei alleges that his assault was a result of the DPS's policies and procedures allowing known gang members to be housed with non-gang members.

Defendants move to file a Third-Party Complaint naming the inmates who assaulted Aholelei, who have now been found guilty of assaulting Aholelei by the prison authorities at an internal prison investigation. Defendants seek indemnification or contribution from these other inmates, for the assault against Aholelei.

**LEGAL STANDARD**

Rule 14 of the Federal Rules of Civil Procedure governs third-party practice. Rule 14(a) provides in pertinent part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer. Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action. . . .

Fed.R.Civ.P. 14(a). Rule 14(a) thus allows joinder of a third party at any time, provided that the third-party plaintiff obtains leave on motion to implead if the third-party plaintiff does not file the third-party complaint within ten days after the defendant serves the original answer. See Southwest Adm'rs, Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986). The decision whether to implead a third-party defendant is within the sound discretion of the trial court. See id.; see also United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983).

The purpose behind Rule 14 "is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third party who may be derivatively liable to the defendant for all or part of the

3

plaintiff's original claim." Kim v. Fujikawa, 871 F.2d 1427, 1434 (9th Cir. 1989) (citation omitted); see also Southwest Adm'rs, 791 F.2d at 777.[1]  However, "only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto" will a court grant leave to file a third-party complaint. Stewart v. Am. Int'l Oil & Gas Co., 845 F.2d 196, 199 (9th Cir. 1988) (citing One 1977 Mercedes Benz, 708 F.2d at 452).  A third-party claim

> cannot simply be an independent or related claim but must be based upon plaintiff's claim against defendant.  The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff.  The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.

Id. at 200 (quoting 6 Wright & Miller, Federal Practice and Procedure § 1446, at 257 (1971 ed.)); see also One 1977 Mercedes Benz, 708 F.2d at 452 ("It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on

---

[1] Commentators on Rule 14 have said that when "the rights of all three parties center upon a common factual setting, [the] economies of time and expense can be achieved by combining the suits into one action.  Doing so eliminates duplication in the presentation of evidence and increases the likelihood that consistent results will be reached" and limits prejudice to the defendant by removing the time lag between a judgment against the defendant in one action, and a judgment in its favor against the party ultimately liable in a subsequent action. 6 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1442, at 290-91 (1990 ed.).

4

the original plaintiff's claim").

Among the factors that a court may consider in determining whether to permit the filing of a third-party complaint are: "(i) whether the movant deliberately delayed or was derelict in filing the motion; (ii) whether impleading would unduly delay or complicate the trial; (iii) whether impleading would prejudice the third-party defendant; and (iv) whether the third-party complaint states a claim upon which relief can be granted." Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 240 (S.D.N.Y. 2004) (citation omitted).

**DISCUSSION**

I.  The Motion for Leave to File Third-Party Complaint is Granted

Here, Defendants sought leave to file the third-party complaint by August 2, 2005, which was the date set by this court for filing such motions.  Thus, the Motion was timely filed relatively early in the litigation.  Therefore, the first three factors favor allowing the filing of the third-party complaint.

The court turns now to the fourth factor, whether the proposed third-party complaint states a claim upon which relief can be granted.  Aholelei contends that the third-party defendants are improper because they cannot be held liable for his claims against Defendants.  In essence, Aholelei argues that he is suing Defendants for their failure to protect him under § 1983, and that he is not alleging any claim for which the

third-party defendants can be held liable.[2]  Aholelei says his claim seeks to hold Defendants liable under § 1983, for failing to protect him while he was in their care, as a result of Defendants' deliberate indifference and constitutionally deficient policies and procedures.

Notwithstanding these arguments, Aholelei's Complaint clearly alleges state law causes of action, under the Hawaii Constitution, for "negligence and other torts," and for the infliction of emotional distress.  See Compl. at Fourth, Fifth, and Sixth Causes of Action.  Aholelei specifically requests that the court exercise supplemental jurisdiction over his state law claims.  Id. at 4.  Aholelei says in his Opposition that "he was fooled by [the gang members] and they pretended to be my friend and then they try to kill me. . . . I did not expect[] to be assualted [sic] by these . . . gang members and in that respect I was befriended by them and deceived."  Pl. Opp'n at 16.  He also states that he intends to introduce at trial police reports, internal Halawa prison disciplinary reports, and any "evidence . . . that the prosecuting attorney has that is being used as evidence in the prosecution of the seven (7) prison gang members for the charge of assault or attempted murder on my life[.]"  Id.

---

[2] Aholelei, who is proceeding pro se, has filed a handwritten, single-spaced, twenty-one page Opposition. The court has struggled to liberally construe Aholelei's arguments and believes this is an accurate summary of Aholelei's arguments.

at 19. Thus, Aholelei himself intends to bring the assault, and the inmates who beat him, into issue at the trial.

Defendants argue that justice requires that the parties who are actually responsible for the assault against Aholelei should share in the liability for the attack. Defendants further assert that they are entitled to indemnification and/or contribution from the proposed third-party defendants pursuant to Haw. Rev. Stat. § 663-10.5.[3]

To the extent that Defendants may be trying to seek indemnity by way of the third-party complaint based directly on § 1983, the court finds that impleader is improper. First, it is well settled that a private party may only incur § 1983 liability if his actions are carried out "under color of state law." Monroe v. Pape, 365 U.S. 167, 184 (1961). Defendants do not allege that the third-party defendants acted under color of state law. Rather, Defendants allege that the third-party defendants "intentionally, maliciously, negligently, carelessly, recklessly, and/or tortiously caused the injuries and/or damages as alleged" by Aholelei. Proposed Third-Party Compl. ¶ 5. This, without

---

[3] Section 663-10.3 states in relevant part:

> Notwithstanding sections 663-11 to 663-13, 663-16, 663-17, and section 663-31, in any case where a government entity is determined to be a tortfeasor along with one or more other tortfeasors, the government entity shall be liable for no more than that percentage share of the damages attributable to the government entity.

7

more, is not an action taken under color of state law. Therefore, the third-party complaint does not state a claim under § 1983 because the third-party defendants cannot be found to have violated § 1983.

Moreover, it is not clear that § 1983 itself provides for indemnification. In Valdez v. City of Farmington, 580 F. Supp. 19, 21 (D.N.M. 1984), the court noted that "there exists no clear authority on the question of whether a § 1983 defendant may seek indemnity from his co-defendant." In Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO, 451 U.S. 77 (1981), cited in Valdez, the Supreme Court made it clear that courts are not free to read a cause of action for indemnity into statutes where no statutory basis exists for such a claim. There, the Court determined that no right to contribution exists among co-defendants under the Equal Pay Act or Title VII. Defendants point to no such basis and the court is unable to find such a basis for indemnification under § 1983. Therefore, any claims for indemnification against the third-party defendants based directly upon § 1983 are impermissible.

Defendants, however, do not seek indemnification under § 1983; they seek indemnification under Haw. Rev. Stat. § 663-10.5. Impleader is proper only when a right to relief exists under the applicable substantive law. See 6 Wright, Miller & Kane, Federal Practice and Procedure § 1446, at 367 (1990 ed.).

8

Here, state law clearly grants a right to relief pursuant to Haw. Rev. Stat. § 663-10.3. Moreover, the very existence of Aholelei's constitutional claims against Defendants depend on the assault against him, and are closely connected with his underlying physical injuries, and form the basis for his state law claims against Defendants. Aholelei admits that he intends to introduce evidence of the third-party defendants' assault upon him, and subsequent discipline by prison or state authorities. Finally, Aholelei's Complaint seeks supplemental jurisdiction over his state law claims for negligence and intentional infliction of emotional distress. Thus, impleader is proper for all of these reasons. Nor will allowing the impleader unduly complicate or confuse the issues at trial; it will, in fact, ensure the timely resolution of the claims.

This court, in its discretion, finds that the impleader of the third-party defendants and complaint will avoid "circuity of action and eliminate duplication of suits based on closely related matters." 6 Wright, Miller & Kane, <u>Federal Practice and Procedure</u> § 1446, at 300 (1990 ed.). The Motion for Leave to File Third-Party Complaint is GRANTED.

9

II. <u>The Motion for Copies is Denied.</u>

    Aholelei moves the court to provide several copies of his Motion in Opposition and its accompanying exhibits and supplemental memoranda, comprising approximately 120 pages, free of charge, so that he may serve his Opposition on Defendants, give the required extra copy to the court, and retain a copy for his own records. Aholelei states that the Waiawa Community Correctional Center's copy machine is out of order and he has, thus, been unable to send a copy of his Opposition to the Motion to Defendants.[4]

    At the hearing, Cregor informed the court that the Waiawa Correctional Facility's copy machine is, in fact, broken. Cregor represented that there is a system in place, however, that ensures that inmates may have their documents copied, upon their request. Cregor stated that Aholelei knew of this system, as he has had copies made in the past. Aholelei agreed that he was aware of that process, but argued that it wasn't "for all inmates." The court is unsure what the significance of this statement is, as Aholelei did not explain it further.

    The court has provided Defendants a courtesy copy of Aholelei's Motion and documents so as not to delay the hearing on

---

[4] Aholelei included a certificate of service with his Opposition, suggesting that he had, in fact, served Defendants. Prior to the hearing on the motion, Defendants informed the court that they did not receive a copy of Aholelei's Opposition.

this matter. The court will not, however, provide copies free of charge to any litigant, even those proceeding in forma pauperis. See Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) (stating that 28 U.S.C. § 1915(a) does not waive payment for costs of litigation other than filing of the complaint and service of process). Aholelei admits that he is aware of the process he must follow to make copies and that he has utilized this system in the past. If Aholelei is unable to make copies of his legal documents in the future at Waiawa, the costs for which are deducted from his inmate account, he may provide the court with documentation from the prison authorities averring that this is the case. The court will then consider a Motion for Copies. Until that time, the Motion for Copies is DENIED.

    IT IS SO ORDERED.

    Dated: Honolulu, Hawaii, September 15, 2005.

                                    Kevin S. Chang
                                    UNITED STATES MAGISTRATE JUDGE

AHOLELEI v. KYSAR, et al., CIV. NO. 03-00171 HG-KSC; ORDER GRANTING Motion for Leave to File Third-Party Complaint; dmp\non-disp ords '05\AHOLELEI 04-414 grt 3d pty C.

* * LABEL LIST * *

Case Number:1:04-cv-00414

William S. Aholelei
Waiawa Correctional Facility
A0146949 BLDG H
Box 1839
Pearl City, HI  96782

Cindy S. Inouye, Esq.
Office of the Attorney General-Hawaii
425 Queen St
Honolulu, HI  96813

John Cregor Jr., Esq.
Office of the Attorney General-Hawaii
425 Queen St
Honolulu, HI  96813