MARK J. BENNETT 2672
Attorney General of Hawaii

CINDY S. INOUYE 3968
JOHN M. CREGOR, JR. 3521
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
425 Queen Street
Honolulu, Hawaii 96813
Telephone: (808) 586-1494
Facsimile: (808) 586-1369
Email: John.M.Cregor@hawaii.gov

Attorneys for Defendants and
Third-Party Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 1 0 2005

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM S. AHOLELEI,<br><br>   Plaintiff,<br><br> vs.<br><br>STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, JOHN PEYTON, FRANK LOPEZ, EDWIN SHIMODA, CLAYTON FRANK, RANDY ASHER, ERIC TANAKA, GARY KAPLAN, MAY ANDRADE, CINDA SANDIN, STATE OF HAWAII ATTORNEY GENERAL, and DOE DEFENDANTS 1-10,<br><br>   Defendants. | CIVIL NO. 04-00414 SOM-KSC<br><br>**NOTICE OF HEARING; DEFENDANTS AND THIRD-PARTY PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS AND THIRD-PARTY PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE**<br><br>HEARING<br>DATE: November 28, 2005<br>TIME: 9:45 a.m.<br>The Honorable Susan Oki Mollway<br><br>TRIAL: February 7, 2006 |

ORIGINAL

STATE OF HAWAII, DEPARTMENT
OF PUBLIC SAFETY, JOHN PEYTON,
FRANK LOPEZ, EDWIN SHIMODA,
CLAYTON FRANK, RANDY ASHER,
ERIC TANAKA, GARY KAPLAN,
MAY ANDRADE, CINDA SANDIN,
STATE OF HAWAII ATTORNEY
GENERAL,

        Third-Party Plaintiffs,

    vs.

**RICHARD CHARLES ROSARIO, JOHN
POOMAIHEALANI, DINO KALEO KAUAI,
ALLEN A. TAVARES, JEREMY S.
CASTRO, STANLEY L. CANOSA, PAUL
MOSE TOGIA,**

        Third-Party Defendants.

## <u>NOTICE OF HEARING</u>

TO:    WILLIAM S. AHOLELEI A0146949
       Halawa Special Needs Facility, B-2
       99-902 Moanalua Road
       Aiea, Hawaii 96701

       Pro Se Plaintiff

    NOTICE IS HEREBY GIVEN that DEFENDANTS AND THIRD-PARTY

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT will be heard before the

Honorable Susan O. Mollway, Judge of the above-entitled court, in his courtroom,

at 300 Ala Moana Boulevard, Honolulu, Hawaii, on November 28, 2005 at 9:45

a.m.

DATED:  Honolulu, Hawaii, *October 10, 2005*

STATE OF HAWAI'I

MARK J. BENNETT
Attorney General
State of Hawaii

JOHN M. CREGOR
Deputy Attorney General

Attorney for Defendants and Third-Party
Plaintiffs
STATE OF HAWAII, DEPARTMENT OF
PUBLIC SAFETY, JOHN PEYTON,
FRANK LOPEZ, EDWIN SHIMODA,
CLAYTON FRANK, RANDY ASHER,
ERIC TANAKA, GARY KAPLAN, MAY
ANDRADE, CINDA SANDIN, STATE OF
HAWAII ATTORNEY GENERAL

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM S. AHOLELEI,<br><br>        Plaintiff,<br><br>    vs.<br><br>STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, JOHN PEYTON, FRANK LOPEZ, EDWIN SHIMODA, CLAYTON FRANK, RANDY ASHER, ERIC TANAKA, GARY KAPLAN, MAY ANDRADE, CINDA SANDIN, STATE OF HAWAII ATTORNEY GENERAL, and DOE DEFENDANTS 1-10,<br><br>        Defendants. | CIVIL NO. 04-00414 SOM-KSC<br><br>**DEFENDANTS AND THIRD-PARTY PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

STATE OF HAWAII, DEPARTMENT OF
PUBLIC SAFETY, JOHN PEYTON,
FRANK LOPEZ, EDWIN SHIMODA,
CLAYTON FRANK, RANDY
ASHER,ERIC TANAKA, GARY
KAPLAN, MAY ANDRADE, CINDA
SANDIN, STATE OF HAWAII
ATTORNEY GENERAL,

        Third-Party Plaintiffs,

    vs.

**RICHARD CHARLES ROSARIO, JOHN
POOMAIHEALANI, DINO KALEO KAUAI,
ALLEN A. TAVARES, JEREMY S. CASTRO,
STANLEY L. CANOSA, PAUL MOSE
TOGIA,**

        Third-Party Defendants.

## DEFENDANTS AND THIRD-PARTY PLAINTIFFS'
## MOTION FOR SUMMARY JUDGMENT

Defendants STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY,

JOHN PEYTON, FRANK LOPEZ, EDWIN SHIMODA, CLAYTON FRANK,

RANDY ASHER, ERIC TANAKA, GARY KAPLAN, MAY ANDRADE,

CINDA SANDIN, and STATE OF HAWAII ATTORNEY GENERAL, by and

through their attorneys, Mark J. Bennett, Attorney General, and Cindy S. Inouye

and John M. Cregor, Jr., Deputy Attorneys General, hereby move this Court for an

order granting summary judgment in their favor as to all claims asserted against

them in Plaintiff's Prisoner Civil Rights Complaint Pursuant to 42 USC § 1983,

filed on July 9, 2004.

This motion is made pursuant to Rules 7 and 56(b) of the Federal Rules of

Civil Procedure, and is based on the memorandum in support of motion, exhibits

and attachments hereto, the records and files herein and the arguments at the

hearing of this motion.

DATED:  Honolulu, Hawaii, October _/0_, 2005.

                                        STATE OF HAWAII

                                        MARK J. BENNETT
                                        Attorney General
                                        State of Hawaii

                                        _____
                                        JOHN M. CREGOR, JR.
                                        Deputy Attorney General

CINDY S. INOUYE
Deputy Attorney General

Attorneys for Defendants and Third-Party
Plaintiffs
STATE OF HAWAII, DEPARTMENT OF
PUBLIC SAFETY, JOHN PEYTON,
FRANK LOPEZ, EDWIN SHIMODA,
CLAYTON FRANK, RANDY ASHER,
ERIC TANAKA, GARY KAPLAN, MAY
ANDRADE, CINDA SANDIN, STATE OF
HAWAII ATTORNEY GENERAL

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM S. AHOLELEI,<br><br>      Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, JOHN PEYTON, FRANK LOPEZ, EDWIN SHIMODA, CLAYTON FRANK, RANDY ASHER, ERIC TANAKA, GARY KAPLAN, MAY ANDRADE, CINDA SANDIN, STATE OF HAWAII ATTORNEY GENERAL, and DOE DEFENDANTS 1-10,<br><br>      Defendants. | CIVIL NO. 04-00414 SOM-KSC<br><br>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS AND THIRD-PARTY PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |
| STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, JOHN PEYTON, FRANK LOPEZ, EDWIN SHIMODA, CLAYTON FRANK, RANDY ASHER,ERIC TANAKA, GARY KAPLAN, MAY ANDRADE, CINDA SANDIN, STATE OF HAWAII ATTORNEY GENERAL,<br><br>      Third-Party Plaintiffs,<br><br>vs.<br><br>**RICHARD CHARLES ROSARIO, JOHN POOMAIHEALANI, DINO KALEO KAUAI, ALLEN A. TAVARES, JEREMY S. CASTRO, STANLEY L. CANOSA, PAUL MOSE TOGIA,**<br><br>      Third-Party Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS AND THIRD-PARTY PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

## I.     INTRODUCTION

Plaintiff, William S. Aholelei ("Plaintiff") has filed a Complaint alleging

that on October 3, 2003, while he was an inmate in the Halawa Correctional

Facility ("HCF") under the jurisdiction of the Department of Public Safety, State of

Hawaii, he was assaulted, battered and seriously injured by several "gang member"

fellow inmates who were not physically separated from the Plaintiff.  Plaintiff has

brought this action under 42 USC § 1983 ("1983") against the State of Hawaii, the

Department of Public Safety and numerous employees of the Department of Public

Safety, in their official and individual capacities.  The 1983 claim invokes the

Eighth Amendment's "Cruel and Unusual Punishment" provisions.  Plaintiff also

purports to be suing the Defendants under the Constitution and laws of the State Of

Hawaii.[1]  Plaintiff has made claims for money damages and injunctive relief.

Defendants, and each of them, now move this Court for Summary Judgment

in their favor on the following grounds:

1.     Plaintiff has failed to state an Eighth Amendment claim as a matter of law;

---

[1] Plaintiff alleges violations of the State of Hawaii's Constitution, Article I – Section 12(cruel and unusual punishment), Article I-Section 5(due process and equal protection) as well as a generic negligence claim.

2.    Plaintiff's State law claims against the State of Hawaii and its employees acting in their official capacity are barred in this Court by the Eleventh Amendment to the Constitution of the United States;

3.    The State of Hawaii and its employees while acting in their official capacity are not subject to a 42 USC § 1983 claim as they are not "persons" (Will v. Michigan Department of State Police, 485 U.S. 1005, 108 S.Ct. 1466). Although Plaintiff's claim for injunctive relief may survive this objection, it fails for other reasons;

4.    No State employee not directly involved in the actions allegedly giving rise to Plaintiff's claims can be liable under 42 USC § 1983. This is, there can be no *respondeat superior* liability under 42 USC § 1983;

5.    Any and all individual Defendants who were actually involved in the housing of inmate Aholelei are entitled to qualified immunity as a matter of law.

## II.    STANDARD FOR SUMMARY JUDGMENT

In a federal court, summary judgment is required under Fed.R.Civ.P. 56(c) when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact. See Tarin v. County of Los Angeles, 123 F.3d 1259, 1263 (9th Cir.1997). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, (1986). Moreover, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted).

That burden has been met here by the following " 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325. Moreover, as shown

here, "if the factual context makes the non-moving party's claim *implausible*, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." California Architectural Bldg. Products, Inc. v. Franciscan Ceramic, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987) (emphasis in original) (citing, Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356.).

### A.     Plaintiff Has Failed To State An Eighth Amendment Claim As A Matter Of Law

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit v. Ray, 682 F. 2d 1237, 1250 (9th Cir. 1982).  The failure of prison officials to provide adequate protection from assaults may constitute a violation of the Eighth Amendment proscription of cruel and unusual punishment. Gillespie v. Civiletti, 629 F.2d 637, 642 n.3 (9th Cir. 1980).   There is no such violation here.

An inmate states a Section 1983 claim under the eighth Amendment only where facts alleged which, if proved, would establish officials have acted with deliberate indifference to the threat of serious harm or injury to an inmate by another prisoner, Hoptowit, 682 F. 2d at 1250.  Mere negligence simply does not state a claim for deprivation of a constitutional right under § 1983. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344, 347-8 (1986) (lack of due care will "not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent").

Nor does gross negligence constitutes deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed.2d 811(1994 ); See also Estelle v. Gamble, 429 U.S. 97, 106 (1976). Rather, a prison official will be held liable for denying an inmate humane conditions of confinement only where the official knew of and disregarded an excessive risk to inmate health or safety. Farmer, Id. The official must have been aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, must have drawn that inference, and acted or failed to act despite that knowledge. Id.

*Respondeat superior* is not a sufficient basis for imposing § 1983 liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 663-64 n. 7 (1978); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir. 1984). Plaintiff must allege facts to show that the defendants proximately caused the deprivation of rights of which he complains, or that they, in a supervisory capacity, failed to properly train or supervise personnel resulting in the alleged deprivation, that the alleged deprivation resulted from an official policy or custom for which defendants were responsible, or that defendants knew of the alleged misconduct and failed to act to prevent future misconduct. Ybarra, 723 F.2d at 680-81; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (liability may be imposed on a supervisor if he participated in or directed the violations of his subordinates, or knew of the violations and failed to prevent them).

A finding of deliberate indifference requires something more than

negligence, but is satisfied with something less than purposefully causing the harm

alleged. Farmer, 511 U.S. at 835. It is not enough that a prison official should have

known about a risk of harm; rather, the official must actually be aware of facts

from which the inference could be drawn, actually draw the inference, and

nonetheless disregard the risk to the inmate's health. Id. at 837.

> The Eighth Amendment requires prison officials to "provide
> humane conditions of confinement," which includes taking
> "reasonable measures to guarantee the safety of inmates." See
> Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128
> L.Ed.2d 811 (1994) (internal quotation marks and citation
> omitted). An inmate claiming that officials failed to prevent harm
> first "must show that [he] is incarcerated under conditions posing a
> substantial risk of serious harm." Id. at 834, 114 S.Ct. 1970. Then
> he must demonstrate that the officials had a " 'sufficiently culpable
> state of mind,' " Id. (quoting Wilson v. Seiter, 501 U.S. 294, 297,
> 111 S.Ct. 2321, 115 L.Ed.2d 271 (1993))—that is, their acts or
> omission arose from "deliberate indifference to inmate health or
> safety." Id. (internal quotation marks and citation omitted).
> Declining to adopt an objective definition of deliberate
> indifference, the Farmer Court held that "a prison official cannot
> be found liable under the Eighth Amendment for denying an
> inmate humane conditions of confinement unless the official
> knows of and disregards an excessive risk to inmate health and
> safety." *1286 Id. at 837, 114 S.Ct. 1970. " [D]eliberate
> indifference' is a stringent standard of fault." Board of County
> Comm'rs of Bryan County v. Brown, 520 U.S. 397, 410, 117 S.Ct.
> 1382, 137 L.Ed.2d 626 (1997). "A showing of simple or even
> heightened negligence will not suffice." Id. at 407, 117 S.Ct. 1382.

Giron v. Corrections Corp. of America, 191 F.3d 1281, 1285 -1286 (10th
Cir. 1999)

Defendants' factual position is contained in the Declaration of Gary Kaplan ("Kaplan") attached hereto as Exhibit "B" attached to the Concise Statement of Facts.  Kaplan makes clear that he and HCF generally are aware of the dangers posed by mixing members of rival prison gangs, yet on the other hand, their experience has been that prison gang members separated from their rival prison gangs pose no great danger and in fact the violence is no greater than the prison population in general.  While this may not be an optimum safety situation, Courts have recognized that prison is an inherently dangerous place. Lewis v. Casey, 518 U.S. 343, 391, 116 S.Ct. 2174, 2200 (1996); Johnson v. California, --U.S.--, 125 S.Ct. 1141, 1152 (2005). Kaplan also makes clear that there was no prior notice of any "substantial risk of serious harm" See Farmer, 511 U.S. at 837 to Plaintiff in his housing placement.

Nothing done by the Defendants in this case made prison more dangerous for the Plaintiff and there is no evidence that Kaplan (or any other named Defendant) was deliberately indifferent to Plaintiff's safety needs.[2]

---

[2]   Any alleged claim of violation of Plaintiff's equal protection rights must similarly fail because Plaintiff has failed to show that he was a member of a protected class and that defendants discriminated against him on the basis of that class. See Lee v. City of Los Angeles, 250 F.3d 668, 686-87 (9th Cir.2001). Any alleged claim of violation of due process fares no better because due process protects the individual only  "against arbitrary action of government" Wolff v. McDonnell, 418 U.S. 539, 558, (1974) and "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." County of Sacramento v. Lewis, 523 U.S. 833 (1998) (citation and internal quotation marks

B.   **Plaintiff's State Law Claims Against The State Of Hawaii And Its Employees Acting In Their Official Capacity Is Barred In This Court By The Eleventh Amendment To The Constitution Of The United States**

Simply stated the eleventh amendment to the Constitution of the United States prohibits citizens from suing states in federal court.  This includes suits against state officials acting in their official capacity. Ulaleo v. Paty, 902 F.2d 1395, 1398 (9th Cir. 1990) (citing Green v. Mansour, 474 U.S. 64, 68 (1985); Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989).  See also Kentucky v. Graham, 473 U.S. 159, 165-67 (1978) (suit for damages against a state officer in official capacity is barred by the Eleventh Amendment).

C.   **The State Of Hawaii And Its Employees While Acting In Their Official Capacity Are Not Subject To A 42 USC § 1983 Claim As They Are Not "Persons" (Will V. Michigan Department Of State Police, 485 U.S. 1005, 108 S.Ct. 1466)**

Plaintiff's claims against the State of Hawaii, its Department of Public Safety and individual employees acting in their official capacities simply is not properly brought under 42 USC§ 1983 and must be dismissed.  Will v. Michigan Department of State Police, 485 U.S. 1005, 108 S.Ct. 1466.

Although it is true that under the holding in Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the State may be sued for injunctive relief in

omitted).

federal court under 42 USC § 1983, Plaintiff will not be entitled to any injunctive relief without a showing of an eighth amendment violation and a continuing eighth amendment violation. As argued more fully throughout this memorandum, Plaintiff simply cannot make out an actionable eighth amendment claim which requires **deliberate indifference**.

**D.    No State Employee Not Directly Involved In The Actions Allegedly Giving Rise To Plaintiff's Claims Can Be Liable Under 42 USC § 1983. This Is, There Can Be No *Respondeat Superior* Liability Under 42 USC § 1983;**

Respondeat Superior liability does not lie under 42 USC § 1983. <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 385 (1989), <u>Monell v. New York city Dep't of Social Service</u>, 436 U.S. 658, 691 (1978). Liability under 42 USC § 19893 arises only upon a showing of the defendant's personal participation in the deprivations complained of. <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989), <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988) the inquiry into causation must be individualized and focus on the duties and responsibilities of each defendants. <u>Id</u>. "Each individual defendant can be liable only for what he or she did personally, not 'for any recklessness on the part of any other defendants, singly or as a group.'" <u>Eades v. Thompson</u>, 823 F.2d 1055, 1063 (7th Cir. 1987). The Declaration of Gary Kaplan makes it abundantly clear that he and he alone made the determination to house Plaintiff in Module 2.

E.   **Any And All Individual Defendants Who Were Actually Involved In The Housing Of Inmate Aholelei Are Entitled To Qualified Immunity As A Matter Of Law.**

Government officials who perform discretionary functions have qualified immunity from liability for civil damages when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Johnson v. Fankell, 520 U.S. 911, 914-15 (1997) (citation omitted); Gabbert v. Conn, 131 F.3d 793, 799 (9th Cir. 1997) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). This immunity extends to prison officials. Neal v. Shimoda, 131 F.3d 818, 832 (9th Cir. 1987) (citing Procunier v. Navarette, 434 U.S. 555 (1978)).

A plaintiff seeking damages for violation of constitutional or statutory rights bears the initial burden of proving that the rights allegedly violated were clearly established at the time of the alleged misconduct. Houghton v. South, 965 F.2d 1532, 1534 (9th Cir. 1992); Davis v. Scherer, 468 U.S. 183, 197 (1984). For the right to be clearly established, its "contours . . . must be sufficiently clear that a reasonable official would understand that what he was doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).

A plaintiff has no clearly established right to be housed at a particular institution within the state, Meachum v. Fano, 427 U.S. 215, 224 (1976); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985); in a less restrictive section of a

facility, <u>Grayson v. Rison</u>, 945 F.2d 1064, 1067 (9th Cir. 1991); or in any particular state, <u>Olim v. Wakinekona</u>, 461 U.S. 238, 244-45 (1983). Therefore, Plaintiff had no constitutional right to be transferred to another section within the Halawa Correctional Facility.

Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986).

Additionally, a defendant seeking qualified immunity from the Court is entitled to have that question adjudicated early as it is immunity from having to participate in trial, not just immunity on liability. <u>Saucier v. Katz</u>, 533 U.S. 194, 200 (2001). In <u>Saucier</u>, the Supreme Court also spelled out that in ruling on a qualified immunity defense, the initial inquiry concerns "whether a constitutional right would have been violated on the facts alleged, for if no right would have been violated, there is no need for further inquiry into immunity. " <u>Saucier</u>, 533 U.S. at 201. However, even if a violation can be shown on a favorable view of the parties' submissions, the next inquiry "is whether the right was clearly established." <u>Saucier</u>, 533 U.S. at 201. <u>Saucier</u> also dictated that this analysis "must be undertaken in light of the case's specific context, not as a broad general proposition" and that the "relevant, dispositive inquiry is whether it would be clear to a reasonable officer that the conduct was unlawful in the situation he confronted." <u>Saucier</u> 533 U.S. at 201.

Given these parameters, and the undisputed record in this case regarding Kaplan's benign placement of Plaintiff in Module 2, this Court is left with the compelling conclusion that it certainly would not have been clear to a reasonable prison official that his placement of Plaintiff was "unlawful in the situation he confronted." See Saucier, 533 U.S. at 194-95.      Therefore, for all of the above reasons, Kaplan is clearly entitled to qualified immunity on all of Plaintiffs' federal civil rights claims.

Similarly, with regard to Plaintiff's State law claims, Defendants are entitled to the state law equivalent to qualified immunity under Towse v. State, 64 Haw. 624, 647 P.2d 696 (1982) and Medeiros v. Kondo, 55 Haw. 499, 522 P.2d 1269 (1974). The Towse court held that non-judicial governmental officials, when acting in the performance of their public duties, are protected by a type of qualified immunity, citing Medeiros, **supra**:

> This privilege effectively shields the official from liability, and not from the imposition of the suit itself, to the extent that the privilege is not abused and thereby lost. Hence, we made clear in *Kondo*, that in order for an action to lie against an official acting under a claim of privilege, it is essential that the injured party allege and prove, to the requisite degree [clear and convincing evidence], that the official had been motivated by malice and not by an otherwise proper purpose. 64 Haw. At 632, 647 P.2d at 702 (emphasis added)

Once again turning to the Declaration of Gary Kaplan, it is clear that he alone made the housing assignment for Plaintiff. Kaplan knew that commingling members of rival prison gangs could lead to violence and therefore kept them

separate. On the other hand, Kaplan also knew that prison gang members separated from rival prison gang members were no more prone to violence than the general prison population. Kaplan placed Plaintiff in the general prison population, Module 2, which admittedly contained some prison gang members, but separated from their rivals. Over the year and one-half that Plaintiff was housed in Module 2, Plaintiff did not complain to Kaplan or any other prison official that he felt unsafe in Module 2. Kaplan received no notice of any undue danger to the Plaintiff. Moreover Kaplan maintains a personal as well as a professional responsibility not to knowingly make housing assignments which would imperil any inmate. It can hardly be said that Kaplan exhibited deliberate indifference to Plaintiff such to violate his eighth amendment rights, let alone that he knowingly violated clearly established law.[3]

## III.   CONCLUSION

State governments can only act through their employees and in fact 42 USC § 1983 only imposes liability on individuals acing "under color of state law." *Respondeat superior* liability does not obtain in 1983 cases. The only state employee among those named as defendants who acted at all with regard to

---

[3] As to Plaintiff's state constitutional claims, Hawaii follows federal law and these claims are therefore subject to summary judgment for the same substantive reasons. See Wilder v. Tanouye, 7 Haw.App. 247, 255-256, 753 P.2d 816,821-822(Hawaii App.,1988). To the extent Plaintiff has stated any other state law claims, this Court may properly decline supplemental jurisdiction.

housing Plaintiff in a module with known, but separated, prison gang members, was Kaplan. Kaplan acted carefully not to in any way endanger Plaintiff and in fact received no notice of any kind that Plaintiff was- or even felt – unsafe. Kaplan was certainly aware of the prison gang situation, but his experience taught him that separated prison gang members were no more prone to violence than the general prison population. It simply cannot be found, as a matter of law, that the State of Hawaii and/or its employees acted with deliberate indifference with regard to the Plaintiff herein. Accordingly, the Defendants and each of them are entitled to summary judgment in their favor.

DATED: Honolulu, Hawaii, October _10_, 2005.

JOHN M. CREGOR, JR.
Deputy Attorney General

Attorney for Defendants and Third-Party
Plaintiffs STATE OF HAWAII,
DEPARTMENT OF PUBLIC SAFETY,
JOHN PEYTON, FRANK LOPEZ, EDWIN
SHIMODA, CLAYTON FRANK, RANDY
ASHER, ERIC TANAKA, GARY
KAPLAN, MAY ANDRADE, CINDA
SANDIN, STATE OF HAWAII
ATTORNEY GENERAL

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

WILLIAM S. AHOLELEI,

        Plaintiff,

    vs.

STATE OF HAWAII, DEPARTMENT OF
PUBLIC SAFETY, JOHN PEYTON,
FRANK LOPEZ, EDWIN SHIMODA,
CLAYTON FRANK, RANDY ASHER,
ERIC TANAKA, GARY KAPLAN, MAY
ANDRADE, CINDA SANDIN, STATE
OF HAWAII ATTORNEY GENERAL,
and DOE DEFENDANTS 1-10,

        Defendants.

STATE OF HAWAII, DEPARTMENT OF
PUBLIC SAFETY, JOHN PEYTON,
FRANK LOPEZ, EDWIN SHIMODA,
CLAYTON FRANK, RANDY
ASHER,ERIC TANAKA, GARY
KAPLAN, MAY ANDRADE, CINDA
SANDIN, STATE OF HAWAII
ATTORNEY GENERAL,

        Third-Party Plaintiffs,

    vs.

**RICHARD CHARLES ROSARIO, JOHN
POOMAIHEALANI, DINO KALEO KAUAI,
ALLEN A. TAVARES, JEREMY S. CASTRO,
STANLEY L. CANOSA, PAUL MOSE
TOGIA,**

        Third-Party Defendants.

CIVIL NO. 04-00414 SOM-KSC

**CERTIFICATE OF SERVICE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October _____, 2005, a copy of the

foregoing document was served on the following at his last known address via U.S.

mail, postage prepaid as follows:

WILLIAM S. AHOLELEI A0146949
Halawa Special Needs Facility, B-2
99-902 Moanalua Road
Aiea, Hawaii 96701

Plaintiff Pro Se

DATED:  Honolulu, Hawaii,  October _____, 2005.


_____
JOHN M. CREGOR, JR.
Deputy Attorney General

Attorney for Defendants and Third-Party
Plaintiffs STATE OF HAWAII,
DEPARTMENT OF PUBLIC SAFETY,
JOHN PEYTON, FRANK LOPEZ, EDWIN
SHIMODA, CLAYTON FRANK, RANDY
ASHER, ERIC TANAKA, GARY
KAPLAN, MAY ANDRADE, CINDA
SANDIN, STATE OF HAWAII
ATTORNEY GENERAL