MARK J. BENNETT                2672
Attorney General of Hawaii

CINDY S. INOUYE                3968
JOHN M. CREGOR, JR.            3521
Deputy Attorneys General
Department of the Attorney
  General, State of Hawaii
425 Queen Street
Honolulu, Hawaii 96813
Telephone: (808) 586-1494
Facsimile:  (808) 586-1369
Email: John.M.Cregor@hawaii.gov

Attorneys for Defendants and
Third-Party Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM S. AHOLELEI,<br><br>            Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, JOHN PEYTON, FRANK LOPEZ, EDWIN SHIMODA, CLAYTON FRANK, RANDY ASHER, ERIC TANAKA, GARY KAPLAN, MAY ANDRADE, CINDA SANDIN, STATE OF HAWAII ATTORNEY GENERAL, and DOE DEFENDANTS 1-10,<br><br>            Defendants. | CIVIL NO. 04-00414 SOM-KSC<br><br>**NOTICE AND WARNING TO PRO SE LITIGANT OF REQUIREMENTS OF RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND LOCAL RULE 56.1 IN RESPONDING TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; EXHIBIT "A"; CERTIFICATE OF SERVICE**<br><br>HEARING:<br>DATE:    November 28, 2005<br>TIME:    9:45 a.m.<br>The Honorable Susan Oki Mollway<br><br>TRIAL:    February 7, 2006 |

161531_1.DOC

STATE OF HAWAII, DEPARTMENT
OF PUBLIC SAFETY, JOHN PEYTON,
FRANK LOPEZ, EDWIN SHIMODA,
CLAYTON FRANK, RANDY ASHER,
ERIC TANAKA, GARY KAPLAN,
MAY ANDRADE, CINDA SANDIN,
STATE OF HAWAII ATTORNEY
GENERAL,

        Third-Party Plaintiffs,

vs.

RICHARD CHARLES ROSARIO, JOHN
POOMAIHEALANI, DINO KALEO
KAUAI, ALLEN A. TAVARES,
JEREMY S. CASTRO, STANLEY L.
CANOSA, PAUL MOSE TOGIA,

        Third-Party Defendants.

## NOTICE AND WARNING TO PRO SE LITIGANT OF REQUIREMENTS OF RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND LOCAL RULE 56.1 IN RESPONDING TO DEFENDANTS AND THIRD-PARTY PLAINTIFFS' <u>MOTION FOR SUMMARY JUDGMENT</u>

**This Notice is Required to be Given to You by the Court:**

The defendants and third-party plaintiffs have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact

that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants and third-party plaintiffs' declaration and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Plaintiff is further required to comply with Local Rule 56.1, Rules of the United States District Court for the District of Hawaii. This rule sets out the requirements for summary judgment motions and for oppositions to such motions. To oppose a motion, Plaintiff must file a concise statement that either accepts the facts set forth in the defendants and third-party plaintiffs' concise statement, or sets forth all material facts as to which Plaintiff contends there is a dispute. When preparing the separate concise statement, Plaintiff is required to reference only the material facts which are absolutely necessary for the court to determine the limited issues presented in the motion for summary judgment (and no others) and each reference shall contain a citation to a particular affidavit, deposition, or other

document which supports Plaintiff's interpretation of the material fact. Documents referenced in the concise statement shall not be filed in their entirety, but Plaintiff shall extract and highlight only the relevant portions of each referenced document. Photocopies of extracted pages, with appropriate identification and highlighting will be adequate. The concise statement shall be no longer than five (5) pages. When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statement.

Copies of Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 are attached.

DATED: Honolulu, Hawaii, Oct 10, 2005

_____
JOHN M. CREGOR, JR.
Deputy Attorney General

Attorney for Defendants and Third-Party Plaintiffs STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, JOHN PEYTON, FRANK LOPEZ, EDWIN SHIMODA, CLAYTON FRANK, RANDY ASHER, ERIC TANAKA, GARY KAPLAN, MAY ANDRADE, CINDA SANDIN, STATE OF HAWAII ATTORNEY GENERAL

Federal Rules of Civil Procedure Rule 56

United States Code Annotated <u>Currentness</u>
  Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos)
    VII. Judgment
      ➡**Rule 56. Summary Judgment**

**(a) For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

**(b) For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

**(c) Motion and Proceedings Thereon.** The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**(d) Case Not Fully Adjudicated on Motion.** If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

**(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.



**(g) Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

CREDIT(S)
(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987.)

LR56.1

## WEST'S HAWAI'I COURT RULES
## LOCAL RULES OF PRACTICE FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAI'I
## CHAPTER I. GENERAL AND CIVIL RULES

Copr. © 2005 Thomson/West. No claim to orig. U.S. govt. works.
Current with amendments received through 7/1/2005

### LR56.1 MOTIONS FOR SUMMARY JUDGMENT

**(a) Motion Requirements.** A motion for summary judgment shall be accompanied by a supporting memorandum and separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the court's determination of the summary judgment motion (not the entire case).

**(b) Opposition Requirements.** Any party who opposes the motion shall file and serve with his or her opposing papers a separate document containing a concise statement that:
1. Accepts the facts set forth in the moving party's concise statement; or
2. Sets forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

**(c) Focus of the Concise Statement.** When preparing the separate concise statement, a party shall reference only the material facts which are absolutely necessary for the court to determine the limited issues presented in the motion for summary judgment (and no others) and each reference shall contain a citation to a particular affidavit, deposition, or other document which supports the party's interpretation of the material fact. Documents referenced in the concise statement shall not be filed in their entirety. Instead, the filing party shall extract and highlight only the relevant portions of each referenced document. Photocopies of extracted pages, with appropriate identification and highlighting will be adequate.

**(d) Limitation.** The concise statement shall be no longer than five (5) pages, unless it contains no more than 1500 words. When a concise statement is submitted pursuant to the foregoing word limitation, the number of words shall be computed in accordance with LR7.5(d), and the concise statement shall include the certificate provided for in LR7.5(e).

**(e) Format.** A separate concise statement may utilize a single space format for the presentation of the facts and evidentiary support when set out in parallel columns.

**(f) Scope of Judicial Review.** When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties.

**(g) Admission of Material Facts.** For purposes of a motion for summary judgment, material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.

**(h)** Affidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, shall only be attached to the concise statement.

[Effective October 30, 1997. Amended effective December 1, 2002.]

U. S. Dist. Ct. Rules D.Haw., LR56.1
HI R USDCT LR56.1
END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM S. AHOLELEI,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, JOHN PEYTON, FRANK LOPEZ, EDWIN SHIMODA, CLAYTON FRANK, RANDY ASHER, ERIC TANAKA, GARY KAPLAN, MAY ANDRADE, CINDA SANDIN, STATE OF HAWAII ATTORNEY GENERAL, and DOE DEFENDANTS 1-10,<br><br>    Defendants. | CIVIL NO. 04-00414 SOM-KSC<br><br>**CERTIFICATE OF SERVICE** |
| STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, JOHN PEYTON, FRANK LOPEZ, EDWIN SHIMODA, CLAYTON FRANK, RANDY ASHER,ERIC TANAKA, GARY KAPLAN, MAY ANDRADE, CINDA SANDIN, STATE OF HAWAII ATTORNEY GENERAL,<br><br>    Third-Party Plaintiffs,<br><br>vs.<br><br>RICHARD CHARLES ROSARIO, JOHN POOMAIHEALANI, DINO KALEO KAUAI, ALLEN A. TAVARES, JEREMY S. CASTRO, STANLEY L. CANOSA, PAUL MOSE TOGIA,<br><br>    Third-Party Defendants. | |

161531_1.DOC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on Oct 10, 2005, a copy of the foregoing document was served on the following at his last known address via U.S. mail, postage prepaid as follows:

>WILLIAM S. AHOLELEI A0146949
>Halawa Special Needs Facility, B-2
>99-902 Moanalua Road
>Aiea, Hawaii 96701
>
>Plaintiff Pro Se

DATED: Honolulu, Hawaii, Oct. 10, 2005.

_____
JOHN M. CREGOR
Deputy Attorney General

>Attorney for Defendants and Third-Party Plaintiffs STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, JOHN PEYTON, FRANK LOPEZ, EDWIN SHIMODA, CLAYTON FRANK, RANDY ASHER, ERIC TANAKA, GARY KAPLAN, MAY ANDRADE, CINDA SANDIN, STATE OF HAWAII ATTORNEY GENERAL

2