IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM S. AHOLELEI, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STATE OF HAWAII DEPARTMENT OF ) <br> PUBLIC SAFETY, et al., ) <br> ) <br> Defendants. ) <br> _____ ) <br> STATE OF HAWAII DEPARTMENT OF ) <br> PUBLIC SAFETY, et al., ) <br> ) <br> Third-Party Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> STANLEY L. CANOSA, et al., ) <br> ) <br> Third-Party Defendants. ) <br> _____ ) | CIVIL NO. 04-00414 SOM/KSC <br> (Consolidated) <br><br><br><br> ORDER DENYING THIRD-PARTY <br> DEFENDANT STANLEY L. CANOSA'S <br> MOTION TO DISMISS AND DENYING <br> MOTION TO TRANSPORT THIRD- <br> PARTY DEFENDANT STANLEY L. <br> CANOSA TO HAWAII |

ORDER DENYING THIRD-PARTY DEFENDANT STANLEY L. CANOSA'S
MOTION TO DISMISS AND DENYING MOTION TO TRANSPORT
THIRD-PARTY DEFENDANT STANLEY L. CANOSA TO HAWAII

Third-Party Defendant Stanley L. Canosa, a prisoner proceeding *pro se*, moves to dismiss the third-party complaint against him and asks for an order requiring Defendants and Third-Party Plaintiffs to transport him to Hawaii to be present at the hearing on his motion.

Canosa's motion, styled as a "Motion to Dismiss," relies on Rule 56(c) of the Federal Rules of Civil Procedure as the basis for dismissing the third-party complaint against him.

In support of his Motion, Canosa states that he had nothing to do with Plaintiff William Aholelei's injuries, that he is not a gang-member, and that Aholelei's complaint does not name him or allege that he caused Aholelei's injuries. Canosa argues that there are no "material fact[s]" showing that he was involved in the incident alleged in Aholelei's complaint. Canosa's Motion is more accurately construed as a motion for summary judgment brought pursuant to Fed. R. Civ. P. 56, rather than a motion to dismiss pursuant to Fed. R. Civ. P. 12.

Canosa provides no factual support for his Motion that rebuts Third-Party Plaintiffs' complaint that he, and others, were responsible for Aholelei's injuries, other than his bare statements to the contrary. He provides no affidavits, declarations, documents, or court orders supporting his Motion or showing that there is no genuine issue of material fact and that he is entitled to summary judgment. To the contrary, Canosa's statement that he is not responsible for Aholelei's injuries, with nothing further to support this claim, suggests that there are, in fact, genuine issues of material fact to be determined by the trier-of-fact.

Nor has Canosa filed a supporting memorandum and separate concise statement detailing each material fact that he contends shows that there are no genuine issues to be tried, as required by Rule 56.1 of the Local Rules of Practice for the

United States District Court for the District of Hawaii. The court DENIES Canosa's Motion without prejudice to his filing of a properly supported motion for summary judgment. The court stresses to Canosa that it is not here ruling that he is indeed responsible for Aholelei's injuries. The court instead is ruling that dismissal is not warranted, leaving open whether summary judgment may be warranted if an appropriate record is presented.

The denial of Canosa's Motion renders moot Canosa's request to be transported to Hawaii for the hearing on the Motion. Canosa is informed, however, that the Prison Litigation Reform Act of 1996 specifically directs, to the extent practicable, that pretrial proceedings in prisoner actions in which the prisoner may or should participate be conducted by telecommunications technologies that allow the prisoner to stay in his penal institution. See 42 U.S.C. § 1997e(f). It further authorizes hearings to be conducted in the institution, subject to the agreement of institution officials, and directs the court, again to the extent practicable, to allow counsel to participate by telecommunications technology. Arrangements will therefore be made for Canosa to be present by telephone whenever that is appropriate and possible. Canosa's Motion for Transport is DENIED.

Canosa has also asked the Clerk of Court to send copies of his motions to Defendants and Third-Party Plaintiffs'

attorney, Deputy Attorney General John Cregor, Jr., and to Plaintiff William Aholelei. The court informs Canosa that, despite his *pro se* status, he is responsible for serving all of his own motions and documents on the other parties. See Fed. R. Civ. P. 5. The request is DENIED.

   IT IS SO ORDERED.

   DATED: Honolulu, Hawaii, November 10, 2005.

/s/ Susan Oki Mollway
UNITED STATES DISTRICT JUDGE
SUSAN OKI MOLLWAY

AHOLELEI v. HAWAII DEP'T OF PUBLIC SAFETY, et al., CV 04-00414 SOM/KSC; ORDER DENYING THIRD-PARTY DEFENDANT STANLEY L. CANOSA'S MOTION TO DISMISS AND DENYING MOTION TO TRANSPORT THIRD-PARTY DEFENDANT STANLEY L. CANOSA TO HAWAII; dmp\ORDERS 05\Canosa 04-414 (dny req ret HI for hearing)

\* \* LABEL LIST \* \*

Case Number:1:04-cv-00414

William S. Aholelei
Waiawa Correctional Facility
A0146949 BLDG H
Box 1839
Pearl City, HI  96782

Cindy S. Inouye, Esq.
Office of the Attorney General-Hawaii
425 Queen St
Honolulu, HI  96813

John Cregor Jr., Esq.
Office of the Attorney General-Hawaii
425 Queen St
Honolulu, HI  96813

Stanley L. Canosa
Halawa Correctional Facility
99-902 Moanalua Rd.
Aiea, HI  96701