IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM S. AHOLELEI,<br><br>       Plaintiff,<br><br>   vs.<br><br>STATE OF HAWAII DEPARTMENT OF<br>PUBLIC SAFETY, et al.,<br><br>       Defendants.<br>_____<br>STATE OF HAWAII DEPARTMENT OF<br>PUBLIC SAFETY, et al.,<br><br>   Third-Party Plaintiffs,<br><br>   vs.<br><br>STANLEY L. CANOSA, et al.,<br><br>   Third-Party Defendants. | CIVIL NO. 04-00414 SOM/KSC<br>(Consolidated)<br><br><br><br><br><br><br><br>ORDER CONSTRUING THIRD-PARTY<br>DEFENDANT STANLEY L. CANOSA'S<br>NOVEMBER 22, 2005, FILING AS<br>A MOTION FOR SUMMARY JUDGMENT |

**ORDER CONSTRUING THIRD-PARTY DEFENDANT STANLEY L. CANOSA'S NOVEMBER 22, 2005, FILING AS A MOTION FOR SUMMARY JUDGMENT**

On November 22, 2005, Third-Party Defendant Stanley L. Canosa, a prisoner proceeding pro se, filed a document purporting to be a motion to reconsider the court's order of November 10, 2005 ("November 10 Order"), which denied Canosa's motion to dismiss the third-party complaint. Canosa, however, gives no reason for this court to reconsider the November 10 Order. He does provide documentation in support of a new motion to dismiss or, in the alternative, a motion for summary judgment. As the November 10 Order specifically contemplated Canosa's filing a

properly supported motion to dismiss or for summary judgment, the court will construe the November 22 filing as Canosa's Motion for Summary Judgment ("motion"), brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Canosa's motion, while better supported than his first motion to dismiss, is still not in compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court for the District of Hawaii. First, Canosa's documents in support of his motion are neither authenticated nor supported by declaration or affidavit. See Fed. R. Civ. P. 56(e). Canosa must provide documentation as to the authenticity of these documents, such as stating in a declaration how they came into his possession. Canosa may also submit facts, but they must be offered in an admissible form, such as a declaration by himself stating admissible matters on personal knowledge and under penalty of perjury, which does not need to be notarized. Second, Canosa has failed to provide a concise statement detailing each material fact as to which he contends there is no genuine issue to be tried, as required by Rule 56.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii.

Canosa's motion for summary judgment is set for hearing on **January 23, 2006, at 11:15 a.m.** Canosa is directed to file authenticating the documents in support of his motion and a

2

concise statement of facts no later than thirty-five days before the hearing date, or specifically, by **December 19, 2005**. Canosa is reminded that he is required to serve copies of his motion on Defendants and Third-Party Plaintiffs' attorney, Deputy Attorney General John Cregor, Jr., and to Plaintiff William Aholelei.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 22, 2005.

/s/ Susan Oki Mollway
UNITED STATES DISTRICT JUDGE
SUSAN OKI MOLLWAY

AHOLELEI v. HAWAII DEP'T OF PUBLIC SAFETY, et al., CV 04-00414 SOM/KSC; ORDER CONSTRUING THIRD-PARTY DEFENDANT STANLEY L. CANOSA'S NOVEMBER 22, 2005, FILING AS A MOTION FOR SUMMARY JUDGMENT; dmp\NON-DISP ORDS 05\Canosa 04-414 Construe as MSJ

F I L E   C O P Y

* * LABEL LIST * *

Case Number: 1:04-cv-00414

William S. Aholelei
Waiawa Correctional Facility
A0146949 BLDG H
Box 1839
Pearl City, HI  96782

Cindy S. Inouye, Esq.
Office of the Attorney General-Hawaii
425 Queen St
Honolulu, HI  96813

John Cregor Jr., Esq.
Office of the Attorney General-Hawaii
425 Queen St
Honolulu, HI  96813

Stanley L. Canosa
Halawa Correctional Facility
99-902 Moanalua Rd.
Aiea, HI  96701