**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 14 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM S. AHOLELEI,<br><br>   Plaintiff - Appellant,<br><br> v.<br><br>STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, et al.,<br><br>   Defendants - Appellees. | No. 06-15086<br><br>D.C. No. CV 04-00414 SOM-KSC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Argued and Submitted January 10, 2007
San Francisco, California

Before: HUG and W. FLETCHER, Circuit Judges, and HOLLAND**, District Judge.

William S. Aholelei appeals the district court's summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action, in which he alleged that the

---

 * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

 ** The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

defendants had violated his Eighth Amendment rights by failing to protect him from harm while he was incarcerated. Aholelei contends that the district court erred in granting summary judgment on sovereign immunity, mootness, and qualified immunity grounds.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.

The district court did not err in granting summary judgment on Aholelei's claims for monetary damages against the State and the individual defendants in their official capacities, although we affirm for a reason other than sovereign immunity. *See Welch v. Fritz*, 909 F.2d 1330, 1331 (9th Cir. 1990) (court may affirm on any ground supported by the record). Because "[a] state and its officials acting in their official capacities are not considered 'persons' within the meaning of § 1983," they cannot be held liable under the statute for money damages. *Bank of Lake Tahoe v. Bank of Amer.*, 318 F.3d 914, 918 (9th Cir. 2003) (citing *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 617 (2002)). Thus, Aholelei did not have any viable claims for monetary relief against the State and the

---

[1] The district court also granted summary judgment to the individual defendants in their individual capacities on a failure to state a claim for relief theory because Aholelei had failed to make out a constitutional violation. Although Aholelei does not expressly challenge this holding by the district court, the qualified immunity issue encompasses the question of whether there has been any violation of Aholelei's constitutional rights.

2

individual defendants in their official capacities, irrespective of whether the state and the individual defendants in their official capacities did or did not lose their sovereign immunity by bringing third-party defendants into this case.

The district court also did not err in granting summary judgment on Aholelei's claims for injunctive relief. Aholelei is now on parole. "An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies . . . ." *Dilley v. Gunn,* 64 F.3d 1365, 1368 (9th Cir. 1995). There is no reason to depart from this general rule in this case.

The district court reached only the first inquiry in the qualified immunity analysis, concluding that there had been no violation of Aholelei's Eighth Amendment rights. *See Dias v. Elique,* 436 F.3d 1125, 1131 (9th Cir. 2006) ("[W]e must first evaluate whether, taking the facts in the light most favorable to the non-moving parties and drawing inferences in their favor, those facts establish that the official's conduct violated a constitutional right."). Insofar as the district court treated "advance notification [as] a necessary element of an Eighth Amendment failure-to-protect claim," this was in error, and we remand for reconsideration consistent with the Supreme Court's holdings in *Farmer v. Brennan,* 511 U.S. 825, 848 (1994).

3

In its evaluation of whether there had been a constitutional violation, the district court did not consider any of Aholelei's evidence, which consisted primarily of litigation and administrative documents involving another prisoner and letters from other prisoners. Although much of the evidence was presented in an inadmissible form, the contents of the evidence would be admissible at trial if the other inmates were called as witnesses. *See Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents."). Thus, the district court abused its discretion in excluding Aholelei's evidence from its consideration of whether his constitutional rights had been violated. Although our review is *de novo, see Motley v. Parks*, 383 F.3d 1058, 1062 (9th Cir. 2004), we remand to the district court to allow it to consider Aholelei's evidence in the first instance. Because we are remanding the qualified immunity question, Aholelei's motion to take judicial notice is denied. We leave it to the district court to decide whether the record in this case should be re-opened for the submission of additional evidence.

In sum, we affirm the grant of summary judgment on Aholelei's claims for monetary damages against the State and the individual defendants in their official capacities and on Aholelei's claims for injunctive relief. We vacate the grant of

4

summary judgment to the individual defendants in their individual capacities under both the failure to state a claim for relief theory and the qualified immunity theory and remand to the district court with instructions to consider Aholelei's evidence in evaluating whether there has been any violation of his constitutional rights.

AFFIRMED in part, VACATED in part, and REMANDED.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

OCT 25 2007

by: _____
Deputy Clerk