FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 29 2007

at 3 o'clock and 50 min. P M. ᵈ
SUE BEITIA, CLERK

# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WILLIAM S. AHOLELEI,
            *Plaintiff-Appellant,*

            v.

DEPARTMENT OF PUBLIC SAFETY,
State of Hawaii; JOHN F. PEYTON;
FRANK LOPEZ; EDWIN SHIMODA;
CLAYTON FRANK; RANDY ASHER;
ERIC TANAKA; GARY KAPLAN; MAY
ANDRADE; CINDA SANDIN;
ATTORNEY GENERAL OF THE
STATE OF HAWAII,
            *Defendants-Appellees.*

No. 06-15086

D.C. No.
CV 04-00414-SOM

OPINION

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Argued and Submitted
January 10, 2007—San Francisco, California

Filed May 25, 2007

Before: Procter Hug, Jr. and William A. Fletcher,
Circuit Judges, and H. Russel Holland,* District Judge.

---

*The Honorable H. Russel Holland, Senior United States District Judge
for the District of Alaska, sitting by designation.

6245

## COUNSEL

Sean D. Unger, Paul, Hastings, Janofsky & Walker LLP, San Francisco, California, argued the case for the plaintiff-appellant. Peter Meier, Paul, Hastings, Janofsky & Walker LLP, San Francisco, California, was also on the brief.

Kimberly Tsumoto Guidry, Deputy Attorney General, Honolulu, Hawaii, argued the case for the defendants-appellees. Mark J. Bennett, Attorney General of Hawaii, and Girard D. Lau, Deputy Attorney General, Honolulu, Hawaii, were also on the brief.

## OPINION

HOLLAND, Judge:

Before us is the sole issue of whether the State of Hawaii Department of Public Safety and ten State officials who are sued in their official capacities ("the State defendants") have waived sovereign immunity as regards appellant William S. Aholelei's state law claims.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's grant of summary judgment on sovereign immunity grounds.

I

In October 2003, appellant William S. Aholelei was beaten by other inmates while incarcerated in a state prison in Hawaii. On July 9, 2004, proceeding *pro se*, Aholelei filed a complaint against the State defendants and others. Here, we

---

[1]Aholelei's other claims against the State defendants and his claims against the defendants sued in their individual capacities were addressed in a memorandum disposition issued on February 14, 2007. Nothing in this opinion affects that disposition.

are only concerned with Aholelei's state law negligence claims for money damages against the State defendants.

The State defendants asserted sovereign immunity as an affirmative defense to Aholelei's complaint. Subsequently, all defendants moved for leave to file a third-party complaint against the inmates who had attacked Aholelei. The district court granted the defendants' motion, and a third-party complaint was filed on September 23, 2005. The State of Hawaii is expressly named as a third-party plaintiff in the third-party complaint. The third-party complaint sought indemnification or contribution from the third-party defendants.

On October 10, 2005, all defendants moved for summary judgment on all claims. The State defendants argued that they were entitled to sovereign immunity on Aholelei's state law claims. Aholelei did not argue that the State defendants had waived their sovereign immunity. At oral argument on the motion for summary judgment, defense counsel told the district court that the third-party complaint would be withdrawn if summary judgment were granted. The district court granted summary judgment in favor of all defendants on all claims. It held that Aholelei's claims for money damages against the State defendants in their official capacities were barred by the Eleventh Amendment. Aholelei timely appealed, and this court appointed counsel for purposes of the appeal.

II

We review questions of sovereign immunity de novo. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1046 (9th Cir. 2006). The issue of whether the defendants waived their sovereign immunity was raised for the first time on appeal. As a general rule, we do not consider an issue raised for the first time on appeal, although we have the discretion to do otherwise. *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). We will exercise our discretion "when the issue presented is purely one of law and either does not depend on the factual

record developed below, or the pertinent record has been fully developed." *Id.* (quoting *Bolker v. C.I.R.*, 760 F.2d 1039, 1042 (9th Cir. 1985)). The issue of whether the State defendants waived their sovereign immunity is purely a legal issue which can be decided on the record that has been developed below. Thus, we will exercise our discretion and consider the waiver issue.

### III

[1] The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities. *See In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005); *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992). "Eleventh Amendment immunity is an affirmative defense that must be raised 'early in the proceedings' to provide 'fair warning' to the plaintiff." *Demshki v. Monteith*, 255 F.3d 986, 989 (9th Cir. 2001) (quoting *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 761 (9th Cir. 1999), *amended by* 201 F.3d 1186 (9th Cir. 2000)) (internal citation omitted). Because it is an affirmative defense, it can be waived. *Id.* "The test employed to determine whether a state has waived immunity 'is a stringent one.' " *In re Bliemeister*, 296 F.3d 858, 861 (9th Cir. 2002) (quoting *In re Mitchell*, 209 F.3d 1111, 1117 (9th Cir. 2000)). "A state generally waives its immunity when it 'voluntarily invokes [federal] jurisdiction or . . . makes a 'clear declaration' that it intends to submit itself to [federal] jurisdiction.' " *Id.* (quoting *In re Lazar*, 237 F.3d 967, 976 (9th Cir. 2001)) (alterations in original). "Express waiver is not required; a state 'waive[s] its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity.' " *Id.* (quoting *Hill*, 179 F.3d at 758).

[2] Aholelei argues that the State defendants affirmatively invoked federal court jurisdiction by filing the third-party complaint. The issue of whether the filing of a third-party

complaint, without more,[2] waives a state's immunity is one of
first impression for this circuit.

Aholelei urges us to rely on *Paul N. Howard Co. v. Puerto
Rico Aqueduct Sewer Authority*, 744 F.2d 880 (1st Cir. 1984),
as persuasive out-of-circuit authority. There, the defendant
argued that it was an instrumentality of the government of
Puerto Rico and thus was immune from a suit for damages in
federal court. *Id.* at 882. The court rejected the defendant's
argument, holding that, if the defendant were a governmental
instrumentality entitled to immunity, the defendant had
waived its immunity because it "not only appeared but filed
a counterclaim and a third-party complaint[.]" *Id.* at 886.

[3] We do not find *Paul N.* persuasive. There, at the time
the defendant filed its counterclaim and its third-party com-
plaint, it had not asserted an immunity defense. The defendant
raised its immunity defense for the first time on appeal. *Id.*
Here, the State defendants raised their immunity defense at
the first opportunity, when they answered Aholelei's com-
plaint. Their answer was filed months before they moved for
leave to file the third-party complaint. Thus, when the third-
party complaint was filed, Aholelei already had fair warning
of the State defendants' assertion of immunity. They then
reasserted their immunity defense in their motion for sum-
mary judgment.

[4] This is not a case in which the State defendants waited
to raise their immunity defense. We have previously found
that, in some circumstances, waiting to raise an immunity
defense results in a waiver of immunity. *See Hill*, 179 F.3d at
756 (state defendant waived immunity "by participating in

---

[2]Aholelei also relies on the fact that the defendants filed a witness list.
This list was filed on behalf of all the defendants, not just the State defen-
dants, and was filed pursuant to the district court's scheduling and plan-
ning order. It is not evidence of an intent by the State defendants to litigate
Aholelei's claims on the merits.

extensive pre-trial activities and waiting until the first day of trial" to raise immunity defense); *Bliemeister*, 296 F.3d at 862 (state defendant waived immunity defense by failing to raise it in answer, motion for summary judgment, or at oral argument at which court announced preliminary view of case which was adverse to state defendant). There has been no delay in this case. The State defendants raised their immunity defense in answering and reasserted that defense on motion for summary judgment.

The State defendants urge us to rely on *Skelton v. Henry*, 390 F.3d 614 (8th Cir. 2004), as persuasive out-of-circuit authority. There, the defendants asserted their immunity in their answer to the plaintiffs' amended complaint and included a counterclaim and a third-party complaint in the same document. *Id.* at 617. The plaintiffs argued that the defendants had waived their immunity because they filed a counterclaim and a third-party complaint. *Id.* at 618. The court held "that a counterclaim and third party complaint are not sufficient to waive a claim of Eleventh Amendment immunity asserted in the very same document." *Id.* The court reasoned that "[a] state is not required to give up other valid defenses in order to preserve its immunity defense." *Id.*

Unlike the defendants in *Skelton*, the State defendants in this case did not assert their immunity in the same document in which they asserted their third-party claims. This is, however, a distinction without a difference. The State defendants in this case promptly asserted immunity in their answer and never expressly abandoned this defense, although they subsequently also brought the third-party complaint. The focus of our inquiry here is whether the State defendants' assertion of the third-party claims was incompatible with an intent to preserve their immunity.

**[5]** We reject Aholelei's contention that the filing of a third-party complaint by the State defendants constituted an invocation of federal jurisdiction which was incompatible

with an intent to preserve the defense of sovereign immunity. The filing of the third-party complaint for indemnification or contribution can best be viewed as an appropriate defense strategy, that is, as a contingent claim asserted against third parties. If the district court did not find that the State defendants were entitled to sovereign immunity or otherwise find for the defendants on Aholelei's claims, then the third-party complaint put all of the defendants in a position to seek contribution from joint tortfeasors. If the district court found that the State defendants had sovereign immunity, then their third-party claims became moot, and in fact, the State defendants withdrew their third-party claims once the district court granted them summary judgment. State defendants, like other defendants, are allowed to assert legitimate alternative defenses. *See* Fed. R. Civ. P. 8(e)(2). We have "held that '[i]n light of the liberal pleading policy embodied in Rule 8(e)(2) . . . a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case.' " *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990) (quoting *Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir. 1985)) (alterations in original). By filing the third-party complaint, the State defendants did not give up the immunity defense that they had already pleaded. The alternative pleading of a defensive claim against other tortfeasors is not an invocation of federal jurisdiction that is incompatible with an intent to preserve the State defendants' claim of sovereign immunity.

The State defendants did not choose to be in federal court. They were brought into federal court by Aholelei. Their defense posture was not inconsistent nor in conflict with the assertion of sovereign immunity as a primary defense. Aholelei and the district court were on notice that the State defendants were asserting sovereign immunity. The State defendants were not attempting to gain an unfair advantage by pleading in the alternative. Here, we are not faced with an unfair use of an immunity defense, as was the case in *Lapides*

*v. Board of Regents of the University System of Georgia*, 535 U.S. 613 (2002).

In *Lapides*, Georgia removed the plaintiff's case to federal court. *Id.* at 616. While conceding that it had waived its sovereign immunity as to the plaintiff's state law claims in state court, Georgia nonetheless argued that it remained immune as to those claims in federal court. *Id.* at 616-17. The Court held that Georgia had waived its immunity by removing the case to federal court because in doing so it voluntarily invoked the federal court's jurisdiction. *Id.* at 624. The Court reasoned that it would be inconsistent to allow a State to invoke federal court jurisdiction in order to remove a case but then allow the State to deny federal court jurisdiction once the case was removed. *Id.* at 619-20.

Unlike Georgia, the State defendants in this case did not voluntarily invoke federal jurisdiction in order to get their claims before the district court. They were already in federal court because Aholelei had filed suit against them in federal court. They filed the third-party complaint as a defensive move to protect themselves should their immunity defense fail. Pleading in the alternative is not an unfair litigation tactic. Aholelei and the district court had fair warning that the State defendants were asserting an immunity defense, and the State defendants did not engage in any conduct during the course of this litigation that manifested an intent to waive that defense.

IV

**[6]** We hold that the State defendants did not waive their sovereign immunity by filing the third-party complaint because they had timely asserted immunity prior to filing the third-party complaint and the third-party complaint was a defensive move which was not incompatible with an intent to preserve sovereign immunity. We therefore AFFIRM the dis-

AHOLELEI v. DEP'T OF PUBLIC SAFETY                6255

trict court's grant of summary judgment in favor of the State
defendants on sovereign immunity grounds.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

OCT 2 5 2007

by
Deputy Clerk