MARK J. BENNETT            2672
Attorney General of Hawaiʻi

JOHN M. CREGOR, JR.        3521
CARON M. INAGAKI           3835
Deputy Attorneys General
Department of the Attorney
  General, State of Hawaiʻi
425 Queen Street
Honolulu, Hawaiʻi 96813
Telephone: (808) 586-1494
Facsimile:  (808) 586-1369
Email: John.M.Cregor@hawaii.gov

Attorneys for Defendants and
Third-Party Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WILLIAM S. AHOLELEI,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STATE OF HAWAIʻI, DEPARTMENT OF PUBLIC SAFETY, JOHN PEYTON, FRANK LOPEZ, EDWIN SHIMODA, CLAYTON FRANK, RANDY ASHER, ERIC TANAKA, GARY KAPLAN, MAY ANDRADE, CINDA SANDIN, STATE OF HAWAIʻI ATTORNEY GENERAL, and DOE DEFENDANTS 1-10,<br><br>　　　　Defendants. | CIVIL NO. 04-00414 SOM-KSC<br><br>**DEFENDANTS AND THIRD-PARTY PLAINTIFFS' CONCISE STATEMENT OF FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON REMAND; EXHIBIT "B"; CERTIFICATE OF SERVICE** |

287246_1.DOC

STATE OF HAWAII, DEPARTMENT
OF PUBLIC SAFETY, JOHN PEYTON,
FRANK LOPEZ, EDWIN SHIMODA,
CLAYTON FRANK, RANDY ASHER,
ERIC TANAKA, GARY KAPLAN,
MAY ANDRADE, CINDA SANDIN,
STATE OF HAWAI'I ATTORNEY
GENERAL,

        Third-Party Plaintiffs,

vs.

RICHARD CHARLES ROSARIO, JOHN
POOMAIHEALANI, DINO KALEO
KAUAI, ALLEN A. TAVARES,
JEREMY S. CASTRO, STANLEY L.
CANOSA, PAUL MOSE TOGIA,

        Third-Party Defendants.

## DEFENDANTS AND THIRD-PARTY PLAINTIFFS' CONCISE STATEMENT OF FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON REMAND

Defendants STATE OF HAWAI'I, DEPARTMENT OF PUBLIC SAFETY, JOHN PEYTON, FRANK LOPEZ, EDWIN SHIMODA, CLAYTON FRANK, RANDY ASHER, ERIC TANAKA, GARY KAPLAN, MAY ANDRADE, CINDA SANDIN, and STATE OF HAWAI'I ATTORNEY GENERAL, by and through their attorneys, Mark J. Bennett, Attorney General, and Caron M. Inagaki and John M. Cregor, Jr., Deputy Attorneys General, hereby submit their concise statement of facts in support of their Motion for Summary Judgment on Remand.

| FACTS | EVIDENCE |
|---|---|
| 1. On or about March or April 2002 Plaintiff was placed in Module 2. | Complaint at Paragraph 1 of Statement of Facts |
| 2. Within a few days Plaintiff realized there was a concentration of gangmembers from one gang. | Complaint at Paragraph 2 of the Statement of Facts |
| 3. On about October 3, 2003, Plaintiff was confronted by a gangmember because he was first in lunch line, as usual. | Complaint at Paragraphs 7 through 15 of the Statement of Facts |
| 4. Plaintiff was allegedly repeatedly attacked by gangmembers. | Complaint at Paragraphs 19, 22, and 24 of the Statement of Facts |
| 5. Housing assignments in the general prison population at Halawa are made by Gary Kaplan subject to change by a higher authority. Gary made the assignment in Plaintiff's case. | Declaration of Gary Kaplan, Paragraph 4 (Exhibit "A" attached to the Motion for Summary Judgment) |
| 6. Gary Kaplan assigned Plaintiff to Module 2. | Declaration of Gary Kaplan, Paragraph 5 (Exhibit "A" attached to the Motion for Summary Judgment) |
| 7. Gary Kaplan was the only defendant involved in selection of housing for Plaintiff. | Declaration of Gary Kaplan, Paragraph 6 (Exhibit "A" attached to the Motion for Summary Judgment) |
| 8. Gary Kaplan received no complaints as to Plaintiff's housing assignment nor any notice that Plaintiff was in any particular danger from other inmates. | Declaration of Gary Kaplan, Paragraph 7 (Exhibit "A" attached to the Motion for Summary Judgment) |
| 9. No other Defendant was involved in the assignment o Plaintiff's housing. | Declaration of Gary Kaplan, Paragraph 8 (Exhibit "A" attached to the Motion for Summary Judgment) |
| 10. My review of Plaintiff's records discloses no notice, grievance, or complaint to anyone that Plaintiff was in any particular danger, nor had any fear for his safety in that module. | Declaration of Gary Kaplan, Paragraph 9 (Exhibit "A" attached to the Motion for Summary Judgment) |
| 12. It is the policy at Halawa, to separate known members of rival prison | Declaration of Gary Kaplan, Paragraph 12 (Exhibit "A" attached to the Motion for |

| | |
|---|---|
| gangs when making housing assignments within Halawa to prevent hostilities. | Summary Judgment) |
| 13. Experience has shown that gangmembers, separated from members of rival prison gangs, are no more violent than the prison population in general. | Declaration of Gary Kaplan, Paragraph 10 (Exhibit "A" attached to the Motion for Summary Judgment) |
| 14. It is Gary Kaplan's personal as well as my professional policy never to knowingly place a prisoner in a housing assignment that would place him in an increased risk of harm. | Declaration of Gary Kaplan, Paragraph 11 (Exhibit "A" attached to the Motion for Summary Judgment) |
| 15. Gary Kaplan placed Plaintiff in Module 2 believing Plaintiff would not be in harm's way and Kaplan did not receive any notice that Plaintiff was at any time under an increased risk of harm. | Declaration of Gary Kaplan, Paragraph 12 (Exhibit "A" attached to the Motion for Summary Judgment) |
| 16. Plaintiff's witness, Kristopher Kealoha, was found not to be credible as noted in Judge Kay's Finding of Fact, Conclusions of Law, and Decision filed May 2, 2005. | Excerpts from the Findings of Facts, Conclusions of Law, and Decision attached as Exhibit "B" for Pages 1, 3, 5, 13, 14, 18, 24. |

See referenced materials listed above in Defendants' Concise Statement dated October 10, 2005 at Docket #36, except for the #16 reference which is attached as Exhibit "B".

DATED: Honolulu, Hawai'i, June 2, 2008.

_____
JOHN M. CREGOR, JR.
Deputy Attorney General
Attorney for Defendants and Third-Party Plaintiffs